LITTLER MENDELSON, P.C.
DOUGLAS A. WICKHAM, Bar No. 127268
EVERETT C. MARTIN, Bar No. 227357
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
RENT-A-CENTER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RENT-A-CENTER, INC.,<br><br>Defendant. | Case No. 1:18-CV-01351-LJO-JLT<br><br>**DECLARATION OF MARC TUCKEY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND COMPEL ARBITRATION**<br><br>Date: February 27, 2019<br>Time: 8:30 a.m.<br>Ctrm.: 4<br><br>Trial Date: None<br>Complaint Filed: October 1, 2018 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECLARATION OF MARC TUCKEY (No. 1:18-CV-01351-LJO-JLT)

LITTLER MENDELSON, P.C.
DOUGLAS A. WICKHAM, Bar No. 127268
ALEX SANTANA, Bar No. 252934
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
RENT-A-CENTER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RENT-A-CENTER, INC.,<br><br>Defendant. | Case No. 1:18-CV-01351-LJO-JLT<br><br>**DECLARATION OF MARC TUCKEY** |

My name is Marc Tuckey. I declare under penalty of perjury, the following:

1. I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based on my review and knowledge of the business records and files of Rent-A-Center, Inc. and its direct subsidiary/affiliate Rent-A-Center East, Inc. (collectively "RAC"), and could testify to the same if called as a witness in this matter.

2. I am employed by Rent-A-Center as Human Resource Director—HRIS, and am the Custodian of Records for RAC. As a result of my job duties, I am personally familiar with RAC's policies and practices regarding arbitration. As custodian of records, I have also reviewed certain personnel records of Lorenzo Smith

3. Rent-A-Center's primary business is the rental or sale of household goods and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECLARATION OF MARC TUCKEY (No. 1:18-CV-01351-LJO-JLT)

appliances to end use consumers throughout the United States. Rent-A-Center purchases its inventory from domestic and overseas manufacturers, suppliers, and distributors, and such inventory is transported across state lines for delivery to Rent-A-Center's retail stores.

4. As part of RAC's onboarding process, RAC employees are required to review and agree to an Electronic Signature and Acknowledgment Agreement, which is the employee's authorization and agreement to use electronic signatures instead of ink signatures. The process involves the employee creating a unique and secret password, which serves as the employee's "electronic signature". Smith signed the Electronic Signature and Acknowledgment Agreement by entering his unique and secret password.

5. A true and correct copy of Smith's Electronic Signature and Acknowledgment Agreement electronically signed on October 4, 2016, is attached hereto as Exhibit 1. Exhibit 1 is a record of Smith's Electronic Signature and Acknowledgment Agreement with RAC and was made and is kept in the regular practice of RAC's business activities.

6. A true and correct copy of the Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") between Smith and RAC, electronically signed by Smith at the inception of his employment on October 4, 2016, is attached hereto as Exhibit 2. Exhibit 2 is a record of Smith's Arbitration Agreement with RAC and was made and is kept in the regular practice of RAC's business activities. Smith electronically signed the Arbitration Agreement by entering his unique and secret password.

7. When Smith applied for a position with RAC, he was required to submit an electronic application, which included an arbitration agreement. To complete and submit the electronic application and arbitration agreement, Smith was required to create a personalized unique password, and submit unique information that is within his personal knowledge, such as his telephone number and email address, dates, names and job responsibilities of his prior employment, and educational

background. The electronic application can be completed from any computer with internet access, such as an individual's home, workplace, library, etc. and can also be completed on an IPhone or like device. An individual can take as much time as he wants to review and complete the application.

8. The application included a prominently displayed "ARBITRATION AGREEMENT". Just above Smith's electronic signatures, in all capital letters, the application arbitration agreement states:

> DO NOT E-SIGN UNTIL YOU HAVE CAREFULLY READ THE ABOVE ARBITRATION AGREEMENT. BY ELECTRONICALLY SIGNING BELOW, YOU ARE AGREEING THAT YOU HAVE CAREFULLY READ THIS ARBITRATION AGREEMENT AND YOU ARE GIVING UP YOUR RIGHT TO A COURT OR JURY TRIAL, AND THAT PURSUANT TO THE TERMS OF THIS ARBITRATION AGREEMENT, YOU AND THE COMPANY ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS ARBITRATION AGREEMENT.

9. Smith completed the application for employment for position with RAC and he electronically signed the application arbitration agreement and electronically submitted it to RAC. The arbitration agreement captured the date it was signed and captured the unique IP Address from which Smith submitted the application and arbitration agreement.

10. A true and correct copy of Smith's application and arbitration agreement electronically signed by him on September 12, 2016, is attached hereto as Exhibit 3. The attached Exhibit 3 is a record of Smith's application and arbitration agreement with RAC and was made and is kept in the regular practice of RAC's business activities.

I declare under penalty of perjury, under the laws of the United States, that the foregoing three-page declaration is true and correct to the best of my knowledge.

Executed this 23rd day of January, 2019.

MARC TUCKEY

EXHIBIT "1"

# Electronic Signature Acknowledgment and Agreement

I hereby certify that I am:

I understand that it is my responsibility to keep my password secret and that it is not to be given out to anyone at any time for any reason.

I hereby certify that I understand my password will be used as my electronic signature to sign Rent-A-Center Inc.'s employment consents and acknowledgments during the Onboarding Process.

I understand and certify that whenever I electronically sign a document it will be presumed to be my signature and the burden of proof for repudiation of this electronic signature will be on myself as the custodian of my password.

I understand and certify that my electronic signature shall be evidence of my intent to sign the document and to adhere to the company policies and work rules contained in the document.

I understand and certify that my electronic signature will signify my understanding of the information contained in the signed document.

I understand that once I have electronically signed and dated the document all information contained in the document cannot be altered or changed.

I understand that neither my electronic signature nor the electronic record to which it is attached may be denied legal effect, validity or enforceability solely because an electronic signature or electronic record was used.

Full Name

Lorenzo Smith

**Electronic Signature Notification**:

Your password is used as your legal signature.  By entering your password you understand that you are signing this document and that you understand its contents and your responsibilities related to the document.

| E-Signature | Date |
|---|---|
| Lorenzo Smith | 10/4/16, 1:43:25 PM GMT |

| Candidate Identification Number | IP Address |
|---|---|
| 8026896 | 63.96.90.214 |

EXHIBIT "2"

# RENT-A-CENTER

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that differences may arise between Rent-A-Center, Inc. (the "Company") and me during or following my application/assignment/employment, including any/or all periods of employment with the Company and/or separation therefrom, and that those differences may or may not be related to my application/assignment/employment.

I understand that any reference in this Mutual Agreement to Arbitrate Claims ("Agreement") to the Company will be a reference also to all parent, subsidiary, partners, divisions, and affiliated entities, and/or any companies that are acquired by the Company or its subsidiaries, parents, partners, divisions, or affiliates, and all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and all successors and assigns of any of them.

The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern this Agreement, which evidences a transaction involving commerce.

### CLAIMS COVERED BY THE AGREEMENT

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, including without limitation, claims arising out of or related to my application for employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

The only claims that are subject to arbitration are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for unfair competition and violation of trade secrets; claims incidental to the employment relationship but arising after that relationship ends (for example, claims arising out of or related to post-termination defamation or job references, claims arising out of or related to any employee-purchase disputes, and claims arising out of or related to post-employment retaliation); claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort or statutory claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); claims arising from the rental and/or purchase of property from the Company; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered by the Agreement."

Claims may be brought before an administrative agency to the extent applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate, including without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp) and law enforcement authorities. Nothing herein shall be construed to relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law.

### CLAIMS NOT COVERED BY THE AGREEMENT

Claims I may have for workers' compensation benefits, state disability insurance benefits and unemployment compensation benefits are not covered by this Agreement. Claims brought in small claims court, or my state's equivalent court, are not covered by this Agreement so long as such claims are brought only in that court. If any such claim is transferred or appealed to a different court, the Company or I may require arbitration, and the conduct of any party during the small claims, or equivalent, proceeding shall not be a ground for waiver of the right to arbitrate. The parties may also pursue temporary and/or preliminary injunctive relief in a court of competent jurisdiction, because the award to which the party may be entitled in arbitration may be rendered ineffectual without

such relief, for tortious interference with prospective employment and/or the protection of confidential information and/or trade secrets, prevention of unfair competition, or enforcement of post-employment contractual restrictions related to same; provided, however, that all issues of final relief shall continue to be decided through arbitration, and the pursuit of the temporary and/or preliminary injunctive relief described herein shall not constitute a waiver of the parties' agreement to arbitrate by any party. Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

### CLASS ACTION WAIVER

There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class action and/or as a collective action ("Class Action Waiver"). Nor shall the Arbitrator have any authority to hear or arbitrate any such dispute. Regardless of anything else in this Agreement and/or any rules or procedures that might otherwise be applicable by virtue of this Agreement or by virtue of any arbitration organization rules or procedures that now apply or any amendments and/or modifications to those rules, the interpretation, applicability, enforceability or formation of this Class Action Waiver, including, but not limited to any claim that all or part of this Class Action Waiver is void or voidable, may be determined only by a court and not by an arbitrator. Notwithstanding any other clause contained in this Agreement, this clause entitled Class Action Waiver shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class or collective action.

Notwithstanding this Class Action Waiver, the Company and I agree that I am not waiving my right under Section 7 of the National Labor Relations Act to file a class or collective action in court and that I will not be disciplined or threatened with discipline if I do so. The Company, however, may lawfully seek enforcement of the Class Action Waiver contained in this Agreement under the Federal Arbitration Act and seek dismissal of any such claims.

### TIME UNITS FOR COMMENCING ARBITRATION AND REQUIRED NOTICE OF ALL CLAIMS

The Company and I agree that the aggrieved party must make a written "Request for Arbitration" of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that applicable state or federal law prescribes for the claim. The parties are encouraged to make written Request for Arbitration of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written Request for Arbitration to the Company, or its officers, directors, employees or agents, shall be sent to its home office, currently at 5501 Headquarters Drive, Plano, Texas 75024, to the attention of the Legal Department. I will be given written Request for Arbitration at the last home address I provided in writing to the Company. The Request For Arbitration shall, unless otherwise required by law, clearly state "Request For Arbitration" at the beginning of the first page and shall identify and describe the nature of all claims asserted and the facts upon which such claims are based and the relief or remedy sought in accordance with pleading standards applicable to claims for relief under the Federal Rules of Civil Procedure. The Request for Arbitration shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

### REPRESENTATION

Any party may be represented by an attorney selected by the party.

### DISCOVERY

Each party shall have the right to take the deposition of one individual and any expert witnesses designated by another party. Each party also shall have the right to propound requests for production of documents to any party. The subpoena rights specified below shall be applicable to discovery pursuant to this Discovery provision. The Arbitrator shall have exclusive authority to consider and enter orders concerning any issue arising related to the quantity or conduct of discovery. Each party to this Agreement can petition and/or request that the Arbitrator allow additional discovery, and additional discovery may be conducted pursuant to the parties' mutual stipulation or as ordered by the Arbitrator.

### DESIGNATION OF WITNESSES AND EXHIBITS

At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration.

<u>SUBPOENAS</u>

Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

<u>OFFER OF JUDGMENT</u>

Unless required otherwise by law (including the common law), a party to an arbitration proceeding under this Agreement may make an offer of judgment in a manner consistent with, and with the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure. The offer shall be served on the offeree in the same manner in which other papers are served in the arbitral proceeding. The offer shall not be served on the Arbitrator, except that if the offer is accepted, either party may then file with the Arbitrator the offer and notice of acceptance together with proof of service thereof. The Arbitrator shall then immediately render an award as provided by the offer, and the arbitration proceedings shall then be terminated. If the offer is not accepted, the offer shall not be used as evidence in the arbitration proceedings and, following the issuance of the Arbitrator's award, the offeror may file a motion for costs with the Arbitrator, who shall retain jurisdiction to decide the motion and award costs to the offeror as warranted.

<u>ARBITRATION PROCEDURES</u>

The arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement, shall be in accordance with the then current National Employment Arbitration Rules or equivalent of the AAA. The AAA rules are available at www.adr.org/employment. However, nothing in said rules or procedures and/or any modification thereto shall affect the enforceability and validity of the Class Action Waiver, including but not limited to, the provision that the enforceability of the Class Action Waiver may be determined only by a court and not by an arbitrator. Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened or a retired judge from any jurisdiction (the "Arbitrator"). Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company. If I no longer reside in or near the city in which I am or was last employed by the Company and the parties cannot agree to a location of the arbitration, either party may apply to a court of competent jurisdiction for a determination of the location of the arbitration.

The Arbitrator shall be selected as follows: The AAA shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains. The party who did not initiate the claim shall strike first. If no common name remains on the lists of all parties, the AAA shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party initiating the claim striking first, until only one name remains. That person shall be designated as the Arbitrator.

The Arbitrator may award any party any remedy to which that party is entitled under applicable law (including without limitation. legal, equitable and injunctive relief), but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. The Arbitrator shall apply the substantive law including, but not limited to, applicable statutes of limitations (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable. However, as stated in the "Class Action Waiver" above, the preceeding sentence shall not apply to the clause entitled "Class Action Waiver."

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Any party may arrange for a court reporter to provide a stenographic record of proceedings. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented. Any party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by written opinion no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The opinion shall be in writing and include the factual and legal basis for the award.

### JUDICIAL REVIEW

Judicial review shall be governed by the Federal Arbitration Act. 9 U.S.C. §§ 9-11. The decision of the Arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

### ARBITRATION FEES AND COSTS

The Company in all cases where and to the extent required by law (including the common law) will pay the Arbitrator's and arbitration fees and costs in accordance with applicable AAA Rules. The Arbitrator shall determine all factual and legal issues regarding the payment and/or apportionment of said fees and costs.

Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law.

In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of arbitral fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

### INTERSTATE COMMERCE

I understand and agree that the Company is engaged in transactions involving interstate commerce.

### SOLE AND ENTIRE AGREEMENT

This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement to arbitrate shall survive the termination of my assignment/employment and the expiration of any benefit. Unless this Agreement in its entirety is deemed void, unenforceable or invalid, this Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

### CONSTRUCTION

Except as provided in the clause entitled "Class Action Waiver," above, if any provision of this Agreement is adjudged to be void or voidable or otherwise unenforceable, in whole or in part, such provision shall be severed from this Agreement, and the adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement.

If the Class Action Waiver is deemed to be unenforceable, the Company and I agree that this Agreement is otherwise silent as to any party's ability to bring a class and/or collective action in arbitration.

### CONSIDERATION

The mutual obligations by the Company and by me to arbitrate differences provide consideration for each other.

<u>At Will Employment</u>

This Agreement does not in any way alter the "at-will" status of my assignment/employment.

<u>Agreement</u>

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS MUTUAL AGREEMENT TO ARBITRATE CLAIMS; THAT I UNDERSTAND ITS TERMS; THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT; AND THAT I HAVE ENTERED INTO THE AGREEMENT NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, I AM AGREEING TO ARBITRATE CLAIMS COVERED BY THIS AGREEMENT.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

| | |
|---|---|
| Lorenzo Smith | 10/4/16, 1:50:10 PM GMT |
| APPLICANT/EMPLOYEE E-SIGNATURE | DATE |
| Lorenzo Smith | 8026896 |
| APPLICANT/EMPLOYEE NAME PRINTED | CANDIDATE ID |

_[signature]_ | Director HRIS
SIGNATURE OF AUTHORIZED COMPANY REPRESENTATIVE | TITLE OF REPRESENTATIVE

EXHIBIT "3"

| Candidate Name | Job Title |
|---|---|
| Smith, Lorenzo (8026896) | Customer Account Representative (214994) |

# Smith, Lorenzo (8026896) applied for job: Customer Account Representative (214994)

| | | |
|---|---|---|
| **Step** <br> Hired | **Latest Submission Medium** <br> Online Mobile | **Recruiter** <br> JOHN ZEIGLER |
| **Status** <br> External Hire | **Source** <br> Customer | **Hiring Manager** <br> MAURICE ASHBURY III |
| **Creation Date** <br> Sep 12, 2016 | **Submission Type** <br> External | |

# Resume

## Candidate Personal Information

First Name
Lorenzo

Last Name
Smith

Cellular Number
2406154300

Primary Number
Cellular Phone

Email Address
blamemebookings@gmail.com

Address (line 1)
100 east main street

City
Frederick

State/Province
Md

Zip/Postal Code
21701

Place of Residence
United States > Maryland > Frederick

Social Security Number
**REDACTED**7834

Date of Birth
Jun 4, 1988

☐ Internal Candidate

Employee Number
215698

Are you fluent in Spanish?
No

Do you consent to receiving personal information to the email address you provided?
Yes

 Arbitration

Referral Information
 Recruiter Application Review
Recruiter HireVue Video Review
Recruiter Prescreen Review

## Education

Education 1

Education
Education Level (Achieved)
High School Diploma/GED ( ± 11 years)

☑ Graduated from High School or GED

## Work Experience

Work Experience 1

☐ Current job

| | |
|---|---|
| | Other Employer<br>Home Depot Warehouse |
| | Job Title<br>Floor Lead wear house worker |
| Start Date<br>Feb, 2011 | End Date<br>Mar, 2015 |
| | Job Responsibilities<br>warehouse lead |

Previous Employer Industry
Retail

## Background Check

Default section title
Default section title

☑ Consent

☐ Inquiry Report Requested

Default section title

## Account Information

Account Status
Not Locked

User Name
Blamemebookings@gmail.com

## eSignature

Arbitration agreement - eSignature
ARBITRATION AGREEMENT.  The Company (which includes Rent-A-Center, Inc. and any parents, subsidiaries, affiliates and/or related entities) and I mutually understand, contract and agree, through this " Arbitration Agreement, " that any and all claims and/or disputes, past, present or future, between me and the Company, arising out of or related to my application for employment, employment and/or the termination of my employment, shall be decided by an arbitrator through arbitration and not by way of court or jury trial. Expect as provided in this Arbitration Agreement, arbitration shall be in accordance with the then current Employment Arbitration Rules of the American Arbitration Association ( " AAA Rules " ), available through the Company ' s Human Resources Department or via the internet at www.adr.org/ employment.  The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall apply to this Arbitration Agreement.  Notwithstanding any contrary language, if any, in this application and/or in any Company policy or handbook, this Arbitration Agreement may not be modified, revised or terminated absent a writing signed by both parties.   Except for claims that are excluded below, this Arbitration Agreement applies to any and all claims and/or disputes that the Company may have against me or that I may have against:  (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, and (3) all successors and assigns of any of them. Disputes subject to this Arbitration Agreement include without limitation, claims for unfair competition; claims for wages or other compensation due, overtime, breaks and rest periods; claims for breach of any contract or covenant (express or implied); tort or statutory claims for harassment, retaliation and discrimination (including, but not limited to race, sex, sexual orientation, religion, national origin, age, genetic trait, workers' compensation, marital status, military service, leave status, medical condition, handicap or disability); and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance. Further, covered claims and/or disputes include any claim or controversy regarding this Arbitration Agreement or any

portion of the Arbitration Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation, or whether the Arbitration Agreement or any portion of it is void or voidable, with the exception noted in the Class Action Waiver below.  The following claims and/or disputes are not covered under this Arbitration Agreement: (i) Workers'  Compensation benefit claims; (ii) state unemployment or disability insurance compensation claims; (iii) claims for benefits under employee benefit plans covered by ERISA that contain an appeal procedure or other exclusive and/or binding dispute resolution procedure in the respective plan; (iv) claims under the National Labor Relations Act within the jurisdiction of the National Labor Relations Board; (v) claims that the Dodd-Frank Wall Street Reform and Consumer Protection Act or other controlling federal statutes bar from the coverage of mandatory pre-dispute arbitration agreements.  Regardless of any other terms of this Arbitration Agreement, a claim may be brought before and remedies awarded by an administrative agency if, and only if, applicable law permits the agency to adjudicate the claim notwithstanding the existence of an agreement to arbitrate.  Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp) and law enforcement authorities. Nothing herein shall be construed to relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law. Class Action Waiver:  There will be no right or authority for any claim and/or dispute covered under this Arbitration Agreement to be brought, heard, or arbitrated as a class action, collective action or representative action. Nor shall the Arbitrator have any authority to hear or arbitrate any such class, collective or representative action.  Regardless of anything else in this Arbitration Agreement and/or any rules or procedures that might otherwise apply by virtue of this Arbitration Agreement or by virtue of any arbitration organization rules or procedures that now apply or any amendments and/or modifications to those rules, including without limitation the AAA Rules, the enforceability and validity of this Class Action Waiver may be determined only by a court and not by an arbitrator.  You will not be retaliated against, disciplined or threatened with discipline as a result of your exercising your rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum. However, the Company may lawfully seek enforcement of this Arbitration Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. DO NOT E-SIGN UNTIL YOU HAVE CAREFULLY READ THE ABOVE ARBITRATION AGREEMENT.  BY ELECTRONICALLY SIGNING BELOW, YOU ARE AGREEING THAT YOU HAVE CAREFULLY READ THIS ARBITRATION AGREEMENT AND ARE YOU ARE GIVING UP YOUR RIGHT TO A COURT OR JURY TRIAL, AND THAT PURSUANT TO THE TERMS OF THIS ARBITRATION AGREEMENT, YOU AND THE COMPANY ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS ARBITRATION AGREEMENT.

| eSignature date and time: {0} | Name |
|---|---|
| Sep 12, 2016 | Lorenzo Smith |

IP address of computer used to esign: {0}
172.58.185.166

Arbitration agreement - eSignature